IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JANE DOE,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**GWINNETT COUNTY SCHOOL** )<br>**DISTRICT,** )<br>)<br>Defendant. ) | Civil Action File No.<br>1:18-cv-05278-SCJ |

**PLAINTIFF'S MOTION FOR A TEMPORARY
RESTRAINING ORDER AND PERMANENT INJUNCTION**

Plaintiff Jane Doe files this emergency motion to immediately stop Defendant Gwinnett County School District (the "District") from possessing, distributing, reproducing, and using images of her that constitute child pornography under federal and state law.

In February 2015, Ms. Doe, a 15-year-old sophomore, reported to the District that fellow student "MP" had sexually assaulted her at Peachtree Ridge High School ("PRHS"). The District responded by charging *Ms. Doe* with conduct code violations, repeatedly interrogating *her*, subjecting *her* to a disciplinary hearing, and *twice* suspending her. In April 2015, *after* Ms. Doe had served her suspensions and fled from PRHS – and at the urging of MP and his District

1

employee mother – an adult male School Resource Officer ("SRO") employed by the District sought out, viewed, and copied on his own cell phone child pornographic images of Ms. Doe that, unbeknownst to her, male PRHS student "RH" (someone other than MP) had saved on his phone.  The school employee viewed the images on the RH's phone, described them as illegal child pornography, and told RH, "**I can't blame a teenage boy for not deleting them**."

It is now clear that the *District itself* did not delete the child pornographic images of Ms. Doe, as they were recently provided by the District in its discovery responses in this lawsuit.  This means that the child pornographic images of Ms. Doe were recently in the possession of legal counsel for the District, and that those illegal images were electronically transferred to, saved on, and transferred from that firm's IT systems.  It is currently unclear just how many other persons have saved, transmitted, viewed, or reproduced these child pornographic images of Ms. Doe.  The District is responsible for the safety and well-being of thousands of school children, and there is no possible or plausible excuse, in law or otherwise, for the District and its agents, representatives, and attorneys' known receipt, storage, transmission, and reproduction of these materials, which unquestionably

constitute illegal child pornography under federal and state laws.[1]  *See* 18 U.S.C. § 2252A; O.C.G.A. § 16-12-100 *et seq*.  Such conduct is so outrageous and harmful to children, that, under the law, it is a federal crime punishable by up to 20 years in prison and warrants severe civil penalties.  *See* 18 U.S.C. §§ 2252A(b) & 2255.  Yet the District and its legal counsel produced the child pornographic materials in discovery, without even designating them as "Confidential" pursuant to the parties' Protective Order, as if they were no different than any other document.

     Ms. Doe has already asserted that the District discriminated against her by responding with deliberate indifference to her complaint of sexual assault and harassment, and by retaliating against her for reporting MP's sexual assault, in violation of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681, *et seq*.  She has also asserted that the District failed to adequately train its administrators and other employees on Title IX and how to address student-on-student sexual harassment, which resulted in violation of her constitutional and federal rights, pursuant to 42 U.S.C. § 1983.  The newly discovered information concerning the District's possession, control, custody, reproduction, and

---

[1] The materials, which include images of a minor's genitalia, may not be provided to any other person, and, for obvious legal reasons, are not attached as exhibits or even submitted under seal with this motion.  As required by law, Plaintiff's counsel has reported the possession, reproduction, and distribution of these child pornographic materials to the Georgia Bureau of Investigation and has strictly followed its instructions with respect to the materials.

distribution of child pornographic images of Ms. Doe further substantiates the District's deliberate indifference, retaliation, and woeful lack of training. It also provides the basis for federal child pornography claims against the District and its agents and representatives, pursuant to 18 U.S.C. § 2252A, and Ms. Doe intends to seek leave to amend her Complaint accordingly.

Given the irreparable harm caused to Ms. Doe by the District and its agents and representatives' possession, transmission, and reproduction of this child pornography, Ms. Doe seeks a temporary restraining order, pursuant to 18 U.S.C. § 2252A(f) and Fed. R. Civ. P. 65, that:

1. Immediately enjoins the District and its agents and representatives from storing, transmitting, or reproducing any and all such child pornographic images or materials;

2. Immediately enjoins the District and its agents and representatives from attempting to use these child pornographic images and materials, in any way, including in this litigation;

3. Requires the District to identify all persons with whom it has shared these child pornographic images and materials, all persons who have access to the images and materials, and all persons who it knows or believes has seen the images and materials; and

4. Requires the District and its agents and representatives in possession of these child pornographic images and materials to immediately destroy them, and to certify in writing that they have been destroyed.

Ms. Doe also respectfully requests that an emergency hearing be held in order to ascertain the full extent of the District and its agents and representatives' possession, storage, transmission, distribution, and reproduction of these child pornographic images and materials. Ms. Doe requests that any temporary injunction be made permanent following the hearing.

Respectfully submitted,

Date:  August 20, 2020

/s/ Monica H. Beck
Monica H. Beck
Douglas E. Fierberg
*Admitted Pro Hac Vice*
THE FIERBERG NATIONAL LAW
  GROUP, PLLC
161 East Front Street, Suite 200
Traverse City, MI 49684
(231) 933-0180 (T)
(231) 252-8100 (F)
mbeck@tfnlgroup.com
dfierberg@tfnlgroup.com

Adele P. Kimmel
*Admitted Pro Hac Vice*
PUBLIC JUSTICE, P.C
1620 L Street, NW, Suite 630
Washington, DC 20036
202-797-8600 (T)
202-232-7203 (F)
akimmel@publicjustice.net

        Michael E. Kramer (Bar No. 428976)
        Anita Bala (Bar No. 372029)
        BUCKLEY BEAL LLP
        600 Peachtree Street NE, Suite 3900
        Atlanta, GA  30308
        404-781-1100 (T)
        866-699-1515 (F)
        mekramer@buckleybeal.com
        abala@buckleybeal.com

        *Attorneys for Plaintiff Jane Doe*

## LOCAL RULE 7.1(D) CERTIFICATION

The undersigned counsel certifies that the foregoing document was prepared using Times New Roman 14 point font as approved by Local Rule 5.1(B).

Dated:  August 20, 2020        /s/ Monica H. Beck
        Monica H. Beck
        Douglas E. Fierberg
        *Admitted Pro Hac Vice*
        THE FIERBERG NATIONAL LAW
         GROUP, PLLC
        161 East Front Street, Suite 200
        Traverse City, MI 49684
        (231) 933-0180 (T)
        (231) 252-8100 (F)
        *Attorneys for Plaintiff Jane Doe*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

Dated: August 20, 2020        /s/ Monica H. Beck
　　　　　　　　　　　　　　　　Monica H. Beck
　　　　　　　　　　　　　　　　Douglas E. Fierberg
　　　　　　　　　　　　　　　　*Admitted Pro Hac Vice*
　　　　　　　　　　　　　　　　THE FIERBERG NATIONAL LAW
　　　　　　　　　　　　　　　　 GROUP, PLLC
　　　　　　　　　　　　　　　　161 East Front Street, Suite 200
　　　　　　　　　　　　　　　　Traverse City, MI 49684
　　　　　　　　　　　　　　　　(231) 933-0180 (T)
　　　　　　　　　　　　　　　　(231) 252-8100 (F)
　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Jane Doe*