## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

_____

| | |
|---|---|
| JANE DOE, ) | |
| ) | Civil Action File No. |
| Plaintiff, ) | 1:18-cv-05278-SCJ |
| ) | |
| v. ) | |
| ) | |
| GWINNETT COUNTY SCHOOL ) | |
| DISTRICT, ) | |
| ) | |
| Defendant. ) | |

_____

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR A TEMPORARY
## RESTRAINING ORDER AND PERMANENT INJUNCTION

Nearly 40 years ago, the U.S. Supreme Court recognized the "devastating harm caused by child pornography," which is "exacerbated by [its] circulation." *New York v. Ferber*, 458 U.S. 747, 749 (1982). Due to the ease in which child pornography is distributed over the Internet, the number of such images and the resulting sexual exploitation of minors has "grown exponentially." *Paroline v. United States*, 572 U.S. 434, 440 (2014). Child pornography is regarded as so vile, abhorrent, and harmful to children – and prevention and detection of child pornography is of such great importance – that knowing receipt, possession, distribution, control, or reproduction warrants severe criminal and civil penalties under federal and state law. *See* 18 U.S.C. § 2252A; O.C.G.A. § 16-12-100 *et seq.*

In April 2015, Gwinnett County School District (the "District"), through one of its school resource officers, sought out and knowingly received child pornographic images of Ms. Doe.  The District and its legal counsel recently produced those child pornographic images in response to Ms. Doe's discovery requests in this lawsuit. This means that the District and its agents, representatives, and attorneys knowingly controlled, possessed, transmitted, distributed, and reproduced those images, which – at a minimum – have been saved and reviewed, and are accessible on, defense counsel's IT system.  In addition to distributing illegal child pornography to Ms. Doe's counsel, the District did not even designate the images as "Confidential" pursuant to the parties' Protective Order, treating the illegal images like any other document.

Ms. Doe now lives with the knowledge that these materials, which constitute unlawful child pornography under both federal and state law, were purposefully obtained, stored, distributed, reproduced, controlled, and viewed by the District, school employees, the District's legal counsel, and/or other agents and representatives of the District.  The District's actions are, simply put, unconscionable and highly damaging to Ms. Doe.  Accordingly, Ms. Doe seeks emergency relief to immediately and permanently stop the District and its agents and representatives from, among other things, distributing, reproducing, and using

2

child pornographic images of her.[1]  Ms. Doe's motion should be granted for the reasons explained below.

## BACKGROUND

On February 4, 2015, shortly after school had finished for the day, Ms. Doe, a sophomore at the time, was sexually battered and forcibly orally sodomized by male student "MP" at Peachtree Ridge High ("PRHS") in Suwanee, Georgia.[2]  The very next morning, Ms. Doe reported MP's sexual violence to school officials. The District, by and through its school officials, immediately blamed Ms. Doe for provoking the attack, not doing more to resist it, and not reporting it sooner. School Resource Officer Tony Lockard asked Ms. Doe:  "**What were you wearing**?" and "**Why didn't you bite his penis**?"  School officials, who had little, if any, training or experience with respect to properly responding to reports of student-on-student sexual harassment, insisted that Ms. Doe repeatedly recount to them the horrific and humiliating details of MP's sexual violence, and even demanded that she *physically reenact* MP's attack against her, in the same room where the sexual assault had occurred less than 24-hours earlier.

---

[1] Ms. Doe intends to move for leave to amend her Complaint, in order to assert claims against the District and its agents and representatives for violation of federal child pornography laws.  *See* 18 U.S.C. § 2252A.

[2] Unless otherwise stated, the facts herein are taken from Ms. Doe's First Amended Complaint, referred to as the Complaint.  (Doc. 55, Amended Complaint.)

Instead of investigating and resolving the sexual assault Ms. Doe reported, PRHS officials determined that Ms. Doe violated the school's conduct code because she "*participated* in the act of oral sex after school in the RVN studio," and they punished her with out of school suspension, pending a disciplinary hearing. During the hearing, the District's long-time attorney, Creighton Lancaster, advocated *for* MP, and *against* Ms. Doe, stating on the record that he did not believe Ms. Doe because she "**chose not to scream louder and louder as this was going on**," did not suffer physical injury in her attempt to stop MP's attack, and waited until the morning after the assault to report it. Making matters even worse, the District then *punished* Ms. Doe and suspended her *a second time*, all because she had reported MP's sexual violence against her, a protected activity under Title IX.

When the District finally permitted Ms. Doe to return to school, students harassed her and called her "whore," "liar," "slut," and "psycho." One male student menacingly remarked to her, "I wish I was [MP]." Despite receiving multiple reports about students bullying Ms. Doe, school officials chose not to take any meaningful action to stop the continuing torment of Ms. Doe and the ongoing hostile educational environment at PRHS. Ms. Doe fled from PRHS out of concern for her own safety and well-being.

4

On November 16, 2018, Ms. Doe filed her Complaint, asserting that the District discriminated against her by responding with deliberate indifference to her complaint of sexual assault and harassment, and by retaliating against her for reporting MP's sexual assault, in violation of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681, *et seq.* She also asserted that the District failed to adequately train its administrators and employees on Title IX and student-on-student sexual harassment, which resulted in violation of her constitutional and federal rights, pursuant to 42 U.S.C. § 1983.

On January 17, 2019, the District filed a motion to dismiss Ms. Doe's Complaint.  (Doc. 22.)  On August 22, 2019, this Court denied the motion in its entirety.  (Doc. 46.)

On July 16, 2020, the District conveyed, via an electronic link provided in an email sent to Ms. Doe's counsel, its first document production in this matter, consisting of over 13,000 pages of documents, produced in pdf and/or native format.  (Ex. 1, July 16, 2020 email; Ex. 2, Decl. of M. Beck, ¶6.)

On August 12, 2020, Ms. Doe's counsel began reviewing the documents produced by the District, in preparation for depositions scheduled to begin on August 18, 2020.  (Ex. 2 ¶ 6.)  During the evening of Saturday, August 15, 2020, Ms. Doe's counsel, continuing her review of the District's documents, discovered

that the school had produced sexually explicit photographs of Ms. Doe as a minor,

including images of her genitalia.  (*Id.* ¶ 7.)  The District produced the images as

native and pdf documents, which means there are twelve explicit images of Ms.

Doe.  (*Id.*)  The documents include images in which the focal point is Ms. Doe's

exposed genitalia and pubic area; in which she appears in a sexually suggestive

pose; in which she is fully naked; and which she is only partially clothed, with her

genitalia exposed.  (*Id.*)  The District did not mark or otherwise designate the

documents as "Confidential," in violation of the parties' Protective Order.  (*Id.*)

Plaintiff's counsel took immediate steps to ascertain whether the images

depicted Ms. Doe as a minor and constituted child pornography, and to determine

all requisite actions that should be taken with respect to the materials.  (*Id.* ¶¶ 8-

15.)  As required by law, Plaintiff's counsel has reported the possession,

reproduction, and distribution of these child pornographic materials to the Georgia

Bureau of Investigation and has strictly followed its instructions with respect to the

materials.  (*Id.* ¶ 15.)

Other evidence produced in discovery by the District, including video

footage, establishes that, on April 16, 2015, *after* Ms. Doe had served her

suspensions and left PRHS – and at the urging of MP and his District employee

mother – School Resource Officer ("SRO") Sokol, an adult male employee of the

District, sought out, viewed, and copied on his own cell phone child pornographic images of Ms. Doe that a male PRHS student "RH" (someone other than MP) had saved on his phone.  (Ex. 3, Apr. 16, 2015 email from T. Lockard; Ex. 4, Video of SRO Sokol obtaining child pornographic images.[3])  The school employee viewed the images on the RH's phone and described them as illegal child pornography.  (Ex. 4.)  The employee told RH, "**I can't blame a teenage boy for not deleting them**."  (*Id.*)

As described in an April 16, 2015 email composed by SRO Lockard and sent to **the District's long-time attorney, Creighton Lancaster**, SRO Sokol, and Christa Kendrick (from the Gwinnett County District Attorney's Office), Sokol saved the child pornographic images to a disc.  (Ex. 3.)  The District produced the images on that disc to Ms. Doe's counsel as part of discovery in this litigation.

## ARGUMENT

Ms. Doe moves for emergency injunctive relief pursuant to 18 U.S.C. § 2252A(f) and Fed. R. Civ. P. 65(b).  A temporary restraining order ("TRO") is warranted if the movant demonstrates:  "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3)

---

[3] Because this exhibit is a video that, throughout, discloses minors' names, faces, and identities, Plaintiff has requested leave to file it under seal.

the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995). Ms. Doe easily meets this four-part test.

I.     **There Is a Substantial Likelihood that Ms. Doe Will Succeed on Federal Child Pornography Claims against the District and Others.**

The District unquestionably produced materials that constitute child pornography of Ms. Doe under federal and state law. *See* 18 U.S.C. § 2252A; O.C.G.A. § 16-12-100 *et seq*. Ms. Doe intends to request leave to amend her Complaint to assert federal child pornography claims against the District, its agents, and its representatives, and she has a very high likelihood of succeeding.

Under federal statutes, child pornography is defined as follows:

"[C]hild pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where – the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

18 U.S.C. § 2256(8). "Minor" means "any person under the age of eighteen years." 18 U.S.C. § 2256(1). "Sexually explicit conduct" "means actual or simulated . . . lascivious exhibition of the anus, genitals, or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v).

The Eleventh Circuit has utilized a set of six factors, known as the *Dost*

8

test,[4] to determine if a visual depiction of a minor constitutes a "lascivious exhibition of the anus, genitals, or pubic area." *United States v. Hunter*, 720 Fed. Appx. 991, 996-97 (11th Cir. 2017). Those factors are:

(1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

(2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

(3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

(4) whether the child is fully or partially clothed, or nude;

(5) whether the visual depiction suggest sexual coyness or a willingness to engage in sexual activity; [and]

(6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Id.* at 996-97. All six factors do not need to be present in order for an image to fall under the federal statute's proscription, and a court may look to other relevant factors. *Id.* at 997.

Federal law further provides, in pertinent part:

(a) Any person who—
(1) knowingly **mails**, or **transports** or **ships** using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, **including by**

---

[4] *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986).

**computer**, any child pornography;[5]

    (2) knowingly **receives** or **distributes** –
        (A) any child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, **including by computer**; or
        (B) any material that contains child pornography using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce by any means, **including by computer**; [or]

    (3) knowingly –
        (A) **reproduces** any child pornography for distribution through the mails, or using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including **by computer** . . .

    **shall** be punished as provide in subsection (b).

18 U.S.C. § 2252A(a) (emphasis added).  Pursuant to subsection (b), "[w]hoever violates, or attempts or conspires to violate" the above paragraphs "shall be fined under this title and imprisoned not less than 5 years and not more than 20 years," with increasingly severe penalties for repeat offenders.  18 U.S.C. § 2252A(b)(1) .

    The federal statutes also provide civil remedies, stating:
    (f)  Civil remedies.

---

[5] The Eleventh Circuit explains, "the internet is a means or facility of interstate commerce." *United States v. Schaff*, 454 Fed. Appx. 880, 883 n.1 (11th Cir. 2012). Knowing receipt or transmission of child pornography over the internet is sufficient evidence to support a criminal conviction. *See id.*

10

(1) In general.  Any person aggrieved by reason of the conduct prohibited under subsection (a) or (b) . . . may commence a civil action for the relief set forth in paragraph (2).

(2) Relief.  In any action commenced in accordance with paragraph (1), the court may award appropriate relief, including –
   (A) temporary, preliminary, or permanent injunctive relief;
   (B) compensatory and punitive damages; and
   (C) the costs of the civil action and reasonable fees for attorneys and expert witnesses.

18 U.S.C. § 2252A(f).[6]

Georgia statutes similarly criminalize such conduct and provide, "[i]t is unlawful for any person knowingly to **possess** or **control** any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct."  O.C.G.A. § 16-12-100 (b)(8) (emphasis added).  A "minor" is any person under eighteen years of age.  O.C.G.A.  § 16-12-100(a)(1).  "Sexually explicit conduct" is defined to include actual or simulated "[l]ewd exhibit of the genitals or pubic area of any person."  O.C.G.A. § 16-12-100(a)(4)(D).  Any

---

[6] The statute further provides that any person who, while a minor, was a victim of violation of 18 U.S.C. § 2252A and suffers personal injury as a result, "may sue in any appropriate United States District Court and **shall** recover the actual damage such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred."  18  U.S.C. § 2255(a) (emphasis added).

person who violates the statute is subject to felony criminal charges, imprisonment, and significant fines, subject to limited exceptions, which do not apply here. *See* O.C.G.A. § 16-12-100(d), (f).

Here, the District's employee, SRO Sokol, knowingly obtained and saved what he admitted was child pornography of Ms. Doe. (Exs. 3, 4.) That child pornography was provided to, at a minimum, the District and its attorneys, who received, stored, reproduced, and transmitted it to Ms. Doe's counsel via an email link. (Ex. 2 ¶ 2; Ex. 3.) The materials produced to Plaintiff's counsel include, among other things, images of Ms. Doe's genitalia and pubic area. (Ex. 2 ¶ 7.) The materials meet all six *Dost* factors; they include images in which the focal point is Ms. Doe's exposed genitalia and pubic area, in which she appears in sexually suggestive poses, and in which she is fully naked or only partially clothed. (*Id.*) Accordingly, the images constitute unlawful child pornography under 18 U.S.C. § 2256(2)(A)(v), and Ms. Doe will almost certainly succeed on a claim brought under 18 U.S.C. § 2252A(a). At a minimum, the District and its counsel knowingly transported, received, distributed, and reproduced child pornographic images of Ms. Doe.

## II.   A TRO Is Necessary to Prevent Further Irreparable Injury to Ms. Doe.

The U.S. Supreme Court specifically recognizes the "devastating harm

caused by child pornography," which is "exacerbated by [its] circulation." *Ferber*, 458 U.S. at 749.  After Ms. Doe reported to the District in February 2015 that MP had sexually assaulted her, the District and its officials subjected her to humiliation, belittlement, disbelief, and retaliation, which caused her significant harm.   Now, over five years later, Ms. Doe has learned that this was not the full extent of the District's wrongdoing against her, and that the District and its representatives, agents, and attorneys also viewed, saved, and transmitted **child pornographic images of her**, which now reside on the District attorneys' IT system, and are accessible to and/or have been viewed and likely further distributed by countless individuals.  At this point in time, Ms. Doe has yet to discover to whom else the District provided, disclosed, or sent the child pornography, or just how many individuals have viewed it.  What is clear is that he District apparently planned to use these child pornographic images in this lawsuit, presumably in an attempt to further debase and humiliate Ms. Doe.  The District and its attorneys have caused irreparable harm to Ms. Doe, and they will continue to do so absent a TRO and permanent injunction.

**III.   The Threatened Injury of any Continued Possession, Transmittal, and Reproduction of Child Pornography Depicting Ms. Doe Outweighs Any Possible "Harm" the TRO Would Have on the District.**

It is inconceivable that the District and its agents, representatives, and

attorneys would suffer *any* "harm" by being required to immediately destroy and cease possession, transmittal, and reproduction of illegal child pornographic images of Ms. Doe.

## IV.   A TRO Will Serve the Public's Interest in Stopping and Preventing Child Pornography and Protecting Ms. Doe's Rights as a Victim.

Our society has a vested interest in stopping and preventing child pornography and protecting victims like Ms. Doe.  There is no question that a TRO will serve the public's interest in this matter.

## <u>RELIEF SOUGHT</u>

Ms. Doe seeks a TRO, pursuant to 18 U.S.C. § 2252A(f) and Fed. R. Civ. P. 65, that:

1.   Immediately enjoins the District and its agents and representatives from storing, transmitting, or reproducing any and all child pornographic images or materials of Ms. Doe;

2.   Immediately enjoins the District and its agents and representatives from attempting to use child pornographic images and materials of Ms. Doe, in any way, including in this litigation;

3.   Requires the District to identify all persons with whom it has shared child pornographic images and materials of Ms. Doe, all persons who have access to the images and materials, and all persons who it knows or

believes has seen the images and materials; and

4. Requires the District and its agents and representatives in possession of child pornographic images and materials of Ms. Doe to immediately destroy them, and to certify in writing that they have been destroyed.

Ms. Doe also respectfully requests that an emergency hearing be held in order to ascertain the full extent of the District and its agents and representatives' possession, storage, transmission, distribution, and reproduction of these child pornographic images and materials.  Ms. Doe requests that any temporary injunction be made permanent following the hearing.  A proposed order is attached hereto.  (*See* Ex. 5, Proposed Order.)

## CONCLUSION

For all of the above stated reasons, Ms. Doe's motion should be GRANTED. Respectfully submitted,

Date:  August 20, 2020

/s/ Monica H. Beck
Monica H. Beck
Douglas E. Fierberg
*Admitted Pro Hac Vice*
THE FIERBERG NATIONAL LAW
  GROUP, PLLC
161 East Front Street, Suite 200
Traverse City, MI 49684
(231) 933-0180 (T)
(231) 252-8100 (F)
mbeck@tfnlgroup.com
dfierberg@tfnlgroup.com

Adele P. Kimmel
*Admitted Pro Hac Vice*
PUBLIC JUSTICE, P.C
1620 L Street, NW, Suite 630
Washington, DC 20036
202-797-8600 (T)
202-232-7203 (F)
akimmel@publicjustice.net

Michael E. Kramer (Bar No. 428976)
Anita Bala (Bar No. 372029)
BUCKLEY BEAL LLP
600 Peachtree Street NE, Suite 3900
Atlanta, GA  30308
404-781-1100 (T)
866-699-1515 (F)
mekramer@buckleybeal.com
abala@buckleybeal.com

*Attorneys for Plaintiff Jane Doe*

## LOCAL RULE 7.1(D) CERTIFICATION

The undersigned counsel certifies that the foregoing document was prepared

using Times New Roman 14 point font as approved by Local Rule 5.1(B).

Dated:  August 20, 2020            /s/ Monica H. Beck
                                   Monica H. Beck
                                   Douglas E. Fierberg
                                   *Admitted Pro Hac Vice*
                                   THE FIERBERG NATIONAL LAW
                                     GROUP, PLLC
                                   161 East Front Street, Suite 200
                                   Traverse City, MI 49684
                                   (231) 933-0180 (T)
                                   (231) 252-8100 (F)
                                   *Attorneys for Plaintiff Jane Doe*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system.  Parties may access this filing through the court's system.

Dated:  August 20, 2020

/s/ Monica H. Beck
Monica H. Beck
Douglas E. Fierberg
*Admitted Pro Hac Vice*
THE FIERBERG NATIONAL LAW
  GROUP, PLLC
161 East Front Street, Suite 200
Traverse City, MI 49684
(231) 933-0180 (T)
(231) 252-8100 (F)
*Attorneys for Plaintiff Jane Doe*