# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NO. |
| | ) 1:18-cv-05278-SCJ |
| GWINNETT COUNTY PUBLIC SCHOOLS, | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF TONY LOCKARD

My name is Tony Lockard. I have personal knowledge of the facts set forth in this Declaration and know them to be true and correct. I am over the age of eighteen years and am suffering no disabilities and am competent to execute this Declaration.

1.

I am a law enforcement officer certified with the Georgia Peace Officer Standards and Training Council (P.O.S.T.) and have been a P.O.S.T.-certified law enforcement officer since 1995. I have been employed with the Gwinnett County School District ("the School District") police department since 2004. I am currently a Lieutenant with the School District police department.

2.

At all relevant times, David Sokol also was a P.O.S.T.-certified law enforcement officer and a member of the School District police department.

3.

As P.O.S.T.-certified law enforcement officers, Officer Sokol and I are authorized to make arrests, execute search warrants and conduct law enforcement investigations.

4.

In February 2015, Ms. Doe filed a complaint with the School District police department alleging that she was forced to perform oral sex on a male student (referred to herein as "MP") at Peachtree Ridge High School after school on February 4, 2015. I began a criminal investigation of Ms. Doe's allegations at that time, and that investigation continued intermittently during the remainder of 2015 and in 2016.

5.

During the course of the School District police department's criminal investigation of Ms. Doe's allegations, I obtained (with MP's consent) MP's cell phone and obtained from another law enforcement agency a forensic analysis of MP's cell phone.

6.

During the course of the School District police department's criminal investigation of Ms. Doe's allegations, the School District police department also obtained samples of a substance found on the carpet in the RVN room and a DNA sample provided (voluntarily) by MP.  The School District police department obtained results from the Georgia Bureau of Investigation lab, which found that MP's semen was present in the RVN room.

7.

Another member of the School District police department interviewed MP concerning this development, but we concluded that this development did not shed any additional light as to whether the oral sex between Ms. Doe and MP was consensual.

8.

During the School District police department's criminal investigation of Ms. Doe's allegations, MP provided information to me indicating that Ms. Doe transmitted nude photographs of herself to her boyfriend at the time (RH) at some point prior to the incident in question with MP, and that Ms. Doe and RH were in a sexual relationship.

9.

I instructed Officer Sokol to interview the individual identified by MP (RH). Officer Sokol obtained screen shots of several nude photographs of Ms. Doe that she sent to RH on RH's cell phone and deleted the images from RH's cell phone.

10.

These photographs were secured in the School District police department's evidence room.

11.

The only members of the School District police department who have seen these photographs are Officer Sokol and I. No School District employee outside the School District's police department has seen or possessed these photographs.

12.

All information and documents obtained during the course of the School District police department's investigation of Ms. Doe's allegations were provided to the Gwinnett County District Attorney's Office for its determination as to whether or not to bring criminal charges against MP.

13.

During the course of the School District police department's criminal investigation of Ms. Doe's allegations, I communicated frequently with the Gwinnett

County District Attorney's Office investigator, Christa Kendrick, regarding the case. These communications included communications concerning the nude photographs of Ms. Doe discussed above.

14.

To my knowledge, the Gwinnett County District Attorney's Office has not made a final decision as to whether or not to bring criminal charges against MP.

By my signature below, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury, that the foregoing is true and correct. Executed this 24th day of August, 2020.

Tony Lockard