# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO.** |
| | ) | **1:18-cv-05278-SCJ** |
| **GWINNETT COUNTY PUBLIC** | ) | |
| **SCHOOLS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSES
AND OBJECTIONS TO PLAINTIFF'S
REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW, Defendant in the above-styled civil action, and responds to Plaintiff's First Request for Production of Documents as follows:

**GENERAL OBJECTIONS**

1.

Defendant objects to each of Plaintiff's requests for the personnel files of the Defendant to the extent that the requests seek any portion of personnel files that do not refer or relate to the Plaintiff or the allegations raised in Plaintiff's Complaint. Further, Defendant objects to the production of any portions of the personnel files of the Defendant that refer or relate to matters that are of a private nature unrelated to the

allegations contained in Plaintiff's Complaint and the production of which would violate the right to privacy of the individuals in question.

## 2.

Defendant further objects to Plaintiff's "instructions" in that such instructions are overbroad and inconsistent with the requirements of the Federal Rules of Civil Procedure.

## 3.

Defendant objects to each and every one of Plaintiff's production requests to the extent that it seeks to obtain information that is protected by the attorney/client privilege and/or the work product doctrine.

## 4.

Defendant objects to each and every one of Plaintiff's production requests that seek the retrieval or production of information stored in an electronic format to the extent that such production exceeds the technological capabilities of Defendant or would require Defendant to acquire additional manpower or technology to perform the necessary search and retrieval of such information on the grounds that such efforts would be so unduly burdensome that the burden and expense of obtaining such information outweighs its benefit in this litigation.

5.

Please note the word usage and sentence structure of the following responses may be that of legal counsel who assisted in the preparation of these responses, and does not purport to be the precise language of the responding party. The information supplied in these responses is not based solely on the knowledge of the responding party, but includes knowledge of the party, its agents, representatives, and attorneys, unless privileged.

6.

These responses, while based on diligent exploration by Defendant, reflect only the current state of Defendant's knowledge, understanding and belief with respect to the matters addressed. These responses are neither intended as, nor shall in any way be deemed, an admission or representation that further information or documents do not exist. Without in any way obligating itself to do so, Defendant reserves the right to modify or supplement its responses with such pertinent information as it may subsequently discover. Furthermore, these responses are given without prejudice to Defendant's right to use or rely on at any time, including trial, subsequently discovered information or documents, or information or documents omitted from these responses as a result of, among other things, mistake, error, oversight, or inadvertence.

## REQUESTS

### REQUEST NO. 1:

All records for student Mitchell Little, hereinafter referred to as "MP." These records should include, but are not limited to, academic records, student attendance information, health records, and any and all disciplinary records.

### RESPONSE TO REQUEST NO. 1:

Defendant objects to this request on the ground that it is overly broad and seeks information that is not relevant to any party's claim or defense. Defendant also objects to this request on the ground that it is excessive in its temporal scope, and not relevant to any party's claim or defense. Defendant further objects to this request on the ground that it seeks confidential student information that is protected from disclosure by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g. Without waiving and subject to said objections, and upon an Order by the Court permitting disclosure of confidential student information and limiting dissemination and use of such records, Defendant will make available for inspection and copying at a mutually agreeable time and place Mitch Little's high school and middle school disciplinary records.

**REQUEST NO. 2:**

All records for Plaintiff Thai McClain, hereinafter referred to as "Jane Doe." These records should include, but are not limited to, academic records, student attendance information, health records, and any and all disciplinary records.

**RESPONSE TO REQUEST NO. 2:**

Defendant objects to this request on the ground that it seeks confidential student information protected by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g.  Without waiving and subject to said objections, and upon an Order by the Court permitting disclosure of confidential student information and limiting dissemination and use of such records, Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

**REQUEST NO. 3:**

All investigative materials, reports, statements, interview notes, photographs, videos, observations, conclusions and recommendations by and/or on behalf of the District regarding Jane Doe's report of MP's sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, and sexual misconduct.

**RESPONSE TO REQUEST NO. 3:**

Defendant objects to this request on the ground that it is argumentative in that it assumes facts not in evidence.  Defendant also objects to this request on the ground that it seeks confidential student information that is protected from disclosure by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g.   Without waiving and subject to said objections, and upon an Order by the Court permitting disclosure of confidential student information and limiting dissemination and use of such records, Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

**REQUEST NO. 4:**

All documents, including but not limited to correspondence, text messages, notes, and email, concerning the District's decision to suspend Jane Doe from school, prior to the disciplinary hearing that took place on February 18, 2015.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to this request to the extent that it seeks confidential student information that is protected from disclosure by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g.   Without waiving and subject to said

6

objections, and upon an Order by the Court permitting disclosure of confidential student information and limiting dissemination and use of such records, Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

**REQUEST NO. 5:**

All documents, including but not limited to correspondence, text messages, notes, and email, concerning the decision to conduct a disciplinary hearing with respect to Jane Doe's report of MP's sexual misconduct against her.

**RESPONSE TO REQUEST NO. 5:**

Defendant objects to this request to the extent that it seeks confidential student information that is protected from disclosure by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g.   Defendant also objects to this request on the ground that it is argumentative and assumes facts not in evidence.   Without waiving and subject to said objections, and upon an Order by the Court permitting disclosure of confidential student information and limiting dissemination and use of such records, Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its

7

possession that Defendant reasonably believes are encompassed by the request, as it pertains to the decision to schedule a disciplinary hearing concerning whether Plaintiff violated Rule 9(g) of the School District's Code of Conduct.

**REQUEST NO. 6:**

All documents, including but not limited to correspondence, text messages, notes, and email, concerning the disciplinary hearing with respect to Jane Doe's report of MP's sexual misconduct against her.

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to this request to the extent that it seeks confidential student information that is protected from disclosure by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g.  Defendant also objects to this request on the basis that its reference to "concerning the disciplinary hearing" is so vague and overbroad as to preclude Defendant from reasonably ascertaining the information sought.  Defendant further objects to this request on the ground that it is argumentative and assumes facts not in evidence.  Without waiving and subject to said objections, and upon an Order by the Court permitting disclosure of confidential student information and limiting dissemination and use of such records, Defendant will make available for inspection and copying at a mutually agreeable time and place those

8

documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request, as it pertains to the decision to schedule a disciplinary hearing.

**REQUEST NO. 7:**

All documents, including but not limited to correspondence, text messages, notes, and email, concerning the District's second suspension of Jane Doe, following the disciplinary hearing that took place on February 18, 2015.

**RESPONSE TO REQUEST NO. 7:**

Defendant objects to this request to the extent it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant also objects to this request on the ground that it is argumentative and assumes facts not in evidence. Defendant further objects to this request on the ground that it seeks confidential student information protected by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g. Without waiving and subject to said objections, and upon an Order by the Court permitting disclosure of confidential student information and limiting dissemination and use of such records, Defendant will make available for inspection and copying at a mutually agreeable time and place those

non-privileged documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

## REQUEST NO. 8:

All documents, including but not limited to correspondence, text messages, notes, and email, concerning Jane Doe's report to the District of students' name calling, bullying, derision, and other harassment, following her return to Peachtree Ridge High School after her second suspension.

## RESPONSE TO REQUEST NO. 8:

Defendant objects to this request to the extent it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant also objects to this request on the ground that it is argumentative and assumes facts not in evidence.  Defendant further objects to this request on the ground that it seeks confidential student information protected by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g.  Without waiving and subject to said objections, and upon an Order by the Court permitting disclosure of confidential student information and limiting dissemination and use of such records, Defendant will make available for inspection and copying at a mutually agreeable time and place those

non-privileged documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

## REQUEST NO. 9:

All documents, including but not limited to correspondence, text messages, notes, and email, concerning any investigation of Jane Doe's report to the District of students' name calling, bullying, derision, and other harassment, following her return to Peachtree Ridge High School after her second suspension, and any disciplinary action taken against the student harassers.

## RESPONSE TO REQUEST NO. 9:

Defendant objects to this request to the extent it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant also objects to this request on the ground that it is argumentative and assumes facts not in evidence. Defendant further objects to this request on the ground that it seeks confidential student information protected by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g. Without waiving and subject to said objections, and upon an Order by the Court permitting disclosure of confidential student information and limiting dissemination and use of such records, Defendant will make available for inspection and copying at a mutually agreeable time and place those

non-privileged documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

**REQUEST NO. 10:**

All documents, including but not limited to correspondence, text messages, notes, and email, concerning Jane Doe's appeal of the disciplinary hearing finding and/or the District's decision to uphold the finding.

**RESPONSE TO REQUEST NO. 10:**

Defendant objects to this request to the extent it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant also objects to this request on the ground that it seeks confidential student information protected by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g. Without waiving and subject to said objections, and upon an Order by the Court permitting disclosure of confidential student information and limiting dissemination and use of such records, Defendant will make available for inspection and copying at a mutually agreeable time and place those non-privileged documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

**REQUEST NO. 11:**

All documents, including but not limited to correspondence, text messages, notes, and email, concerning Jane Doe's withdrawal from Peachtree Ridge High School after her second suspension.

**RESPONSE TO REQUEST NO. 11:**

Defendant objects to this request to the extent it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant also objects to this request on the ground that it is argumentative and assumes facts not in evidence. Defendant further objects to this request on the ground that it seeks confidential student information protected by the Family Educational Rights and Privacy Act, (FERPA) 20 U.S.C. §1232g. Without waiving and subject to said objections, and upon an Order by the Court permitting disclosure of confidential student information and limiting dissemination and use of such records, Defendant will make available for inspection and copying at a mutually agreeable time and place those non-privileged documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

**REQUEST NO. 12:**

All documents, including but not limited to correspondence, text messages,

notes, and email, concerning Jane Doe's enrollment and participation in the Gwinnett Online Campus.

**RESPONSE TO REQUEST NO. 12:**

Defendant objects to this request to the extent it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine.   Without waiving this objection, Defendant will make available for inspection and copying at a mutually agreeable time and place those non-privileged documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

**REQUEST NO. 13:**

All documents concerning any counseling, assistance, or other accommodation that you or anyone associated with you provided or offered to Plaintiff Jane Doe after she reported MP's sexual misconduct against her.

**RESPONSE TO REQUEST NO. 13:**

Defendant objects to this request on the ground that it seeks confidential student information protected by the Family Educational Rights and Privacy Act, (FERPA), 20 U.S.C. §1232g.  Without waiving and subject to said objections, and upon an Order by the Court permitting disclosure of confidential student information

and limiting dissemination and use of such records, Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

**REQUEST NO. 14:**

All documents and communications regarding MP's sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, or sexual misconduct against any person, other than Jane Doe.

**RESPONSE TO REQUEST NO. 14:**

Defendant objects to this request on the ground that it is argumentative and assumes facts not in evidence and which are disputed.   Defendant also objects to this request on the ground that its reference to "inappropriate touching" and "sexual misconduct" is so vague as to preclude Defendant from reasonably ascertaining the information sought by the request.   Defendant further objects to this request on the ground that it seeks confidential student information protected by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g.   Without waiving these objections, Defendant is not in possession of any documents that it reasonably believes are encompassed by this request.

15

**REQUEST NO. 15:**

All notes, journals, calendars, reports, or other documents concerning Plaintiff Jane Doe; Plaintiff Jane Doe's family members; MP; MP's family members; or any other student victim of MP.

**RESPONSE TO REQUEST NO. 15:**

Defendant objects to this request to the extent it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant also objects to this request on the grounds that it is excessive in its temporal scope, overly broad and is not relevant to any party's claim or defense. Defendant further objects to this request on the ground that it is argumentative and assumes facts not in evidence and/or disputed by the parties. Defendant also objects to this request on the ground that it seeks confidential student information protected by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g. Without waiving and subject to said objections, and upon an Order by the Court permitting disclosure of confidential student information and limiting dissemination and use of such records, Defendant will make available for inspection and copying at a mutually agreeable time and place those non-privileged documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request regarding the 2014/2015 school year.

**REQUEST NO. 16:**

To the extent not produced in response to Plaintiff's other document requests, all correspondence, communications, or memoranda – including but not limited to email and text messages – where the subject line or body refers or relates to any of the following:

a.    Plaintiff Jane Doe;

b.    Plaintiff Jane Doe's family members;

c.    Student MP; or

d.    Student MP's family members.

**RESPONSE TO REQUEST NO. 16:**

Defendant objects to this request to the extent it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant also objects to this request on the ground that it seeks confidential student information that is protected from disclosure by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g.  Defendant further objects to this request on the grounds that it is unlimited in its temporal scope, overly broad and is not relevant to any party's claim or defense.  Without waiving these objections, see Defendant's Response to Request No. 1.  Further responding, and without waiving and subject to said objections, and upon an Order by the Court permitting disclosure of confidential

student information and limiting dissemination and use of such records, Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request, as it pertains to Plaintiff and her parents for the school year 2014/2015.

**REQUEST NO. 17:**

Documents containing any statements made by you, any School Board member, or the District's administrators, teachers, employees, staff, representatives, or agents regarding Jane Doe; Jane Doe's report of MP's sexual misconduct, Jane Doe's report of additional harassment, name calling, and derision she suffered after returning from her second suspension; MP; or the February 18, 2015 disciplinary hearing concerning Jane Doe and/or MP.

**RESPONSE TO REQUEST NO. 17:**

Defendant objects to this request to the extent it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant also objects to this request on the ground that it is argumentative and assumes facts not in evidence. Defendant further objects to this request on the ground that it is overbroad in its temporal scope and the type of information it seeks. In

addition, Defendant objects to this request on the ground that it seeks confidential

student information protected by the Family Educational Rights and Privacy Act

(FERPA), 20 U.S.C. § 1232g.  Without waiving and subject to said objections, and

upon an Order by the Court permitting disclosure of confidential student information

and limiting dissemination and use of such records, Defendant will make available for

inspection and copying at a mutually agreeable time and place those non-privileged

documents of which it has knowledge and are in its possession that Defendant

reasonably believes are encompassed by the request for the 2014/2015 school year.


**REQUEST NO. 18:**

All documents concerning the qualifications of Cora Graves and/or Cindy

Antrim to serve as Hearing Officers at the February 18, 2015 disciplinary hearing

concerning Jane Doe and MP.

**RESPONSE TO REQUEST NO. 18:**

Defendant will make available for inspection and copying at a mutually

agreeable time and place those documents of which it has knowledge and are in its

possession that Defendant reasonably believes are encompassed by the request.

**REQUEST NO. 19:**

All documents concerning the selection or use of Cora Graves and Cindy Antrim to serve as Hearing Officers at the February 18, 2015 disciplinary hearing concerning Jane Doe and MP.

**RESPONSE TO REQUEST NO. 19:**

Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

**REQUEST NO. 20:**

All nonprivileged documents concerning Creighton Lancaster's scope of representation of the District at the disciplinary hearing concerning Jane Doe and/or MP, including but not limited to your retainer agreement with Creighton Lancaster and/or his law firm.

**RESPONSE TO REQUEST NO. 20:**

Defendant is not in possession of any documents that it reasonably believes are encompassed by this request.

20

**REQUEST NO. 21:**

All communications between Creighton Lancaster and Cindy Antrim concerning any of the following:

    a.      Jane Doe or her family members;

    b.      Jane Doe's report concerning MP's sexual misconduct;

    c.      MP or his family members; or

    d.      The February 18, 2015 disciplinary hearing involving Jane Doe and/or MP.

**RESPONSE TO REQUEST NO. 21:**

Defendant objects to this request to the extent that it seeks to elicit information protected by the attorney-client privilege. Without waiving and subject to said objection, Defendant is not in possession of any documents that it reasonably believes are encompassed by this request, other than the transcript of the February 18, 2015 disciplinary hearing, which reflects Mr. Lancaster's statements and arguments on the record to the hearing officers (including Ms. Antrim) presiding over the proceeding.

**REQUEST NO. 22:**

All communications between Creighton Lancaster and Cora Graves concerning any of the following:

    a.      Jane Doe or her family members;

21

  b.  Jane Doe's report concerning MP's sexual misconduct;

  c.  MP or his family members; or

  d.  The February 18, 2015 disciplinary hearing involving Jane Doe and/or MP.

## RESPONSE TO REQUEST NO. 22:

Defendant objects to this request to the extent that it seeks to elicit information that is protected by the attorney-client privilege. Without waiving and subject to said objection, Defendant is not in possession of any documents that it reasonably believes are encompassed by this request, other than the transcript of the February 18, 2015 disciplinary hearing, which reflects Mr. Lancaster's statements and arguments on the record to the hearing officers (including Ms. Graves) presiding over the proceeding.

## REQUEST NO. 23:

All communications between Creighton Lancaster and MP, MP's family, or MP's attorney concerning any of the following:

  a.  Jane Doe or her family members;

  b.  Jane Doe's report concerning MP's sexual misconduct;

  c.  The February 18, 2015 disciplinary hearing involving Jane Doe and/or MP.

**RESPONSE TO REQUEST NO. 23:**

Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

**REQUEST NO. 24:**

All communications between Creighton Lancaster and any third party, to the extent they are not produced in response to any of Plaintiff's other document requests, concerning any of the following:

    a.      Jane Doe or her family members;

    b.      MP or his family members; or

    c.      The February 18, 2015 disciplinary hearing involving Jane Doe and/or MP.

**RESPONSE TO REQUEST NO. 24:**

Defendant objects to this request to the extent it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant will make available for inspection and copying at a mutually agreeable time and place those non-privileged documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

**REQUEST NO. 25:**

A floor plan, schematic, or other document depicting the layout of Peachtree Ridge High School, as of February 4, 2015.

**RESPONSE TO REQUEST NO. 25:**

Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

**REQUEST NO. 26:**

An organization chart or other documents showing the hierarchy and reporting structure of the District's administration and staff, from January 1, 2010 through the present.

**RESPONSE TO REQUEST NO. 26:**

Defendant objects to this request on the grounds that it is excessive in its temporal scope and is not relevant to any party's claim or defense. Defendant also objects to this request on the ground that its reference to the School District's "administration and staff" is so vague as to preclude Defendant from reasonably ascertaining the information sought by the request. Without waiving and subject to said objections, Defendant will make available for inspection and copying at a

mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request, as it pertains to the 2012/2013, 2013/2014 and 2014/2015 school years.

**REQUEST NO. 27:**

An organization chart or other documents showing the hierarchy and reporting structure of administration and staff at Peachtree Ridge High School, from January 1, 2010 through the present.

**RESPONSE TO REQUEST NO. 27:**

Defendant objects to this request on the grounds that it is excessive in its temporal scope and is not relevant to any party's claim or defense. Defendant objects to this request on the ground that its reference to Peachtree Ridge High School's "administration and staff" is so vague as to preclude Defendant from reasonably ascertaining the information sought by the request. Without waiving and subject to said objections, Defendant is not in possession of any documents that it reasonably believes are encompassed by the request, as it pertains to the 2012/2013, 2013/2014 and 2014/2015 school years.

**REQUEST NO. 28:**

An organization chart or other documents showing the hierarchy and reporting structure of administration and staff within the District's Office of Student Discipline and Behavioral Interventions, from January 1, 2010 through the present.

**RESPONSE TO REQUEST NO. 28:**

Defendant objects to this request on the grounds that it is excessive in its temporal scope and is not relevant to any party's claim or defense. Defendant objects to this request on the ground that its reference to the School District's Office of Student Discipline's "administration and staff" is so vague as to preclude Defendant from reasonably ascertaining the information sought by the request. Without waiving and subject to said objections, Defendant is not in possession of any documents that it reasonably believes are encompassed by the request, as it pertains to the 2012/2013, 2013/2014 and 2014/2015 school years.

**REQUEST NO. 29:**

Any and all handbooks, check lists, job descriptions or documents of any kind setting forth the duties and responsibilities, from January 1, 2010 through the end of the 2014¬2015 academic year, for the following entities and/or positions:

a.      The District's School Board;

26

b.   The District's School Board members;

c.   The District's administrators, including superintendents, assistant superintendents, principals, and assistant principals;

d.   The District's Director of Student Discipline and Behavioral Interventions;

e.   The District's and/or Peachtree Ridge High School's Title IX coordinator(s);

f.   The District's School Resource Officers;

g.   The District's High School counselors; and

h.   The District's Hearing Officers.

**RESPONSE TO REQUEST NO. 29:**

Defendant objects to this request on the grounds that it is excessive in its temporal scope and overbroad as to the type of information it seeks and is not relevant to any party's claim or defense. Defendant also objects to this request on the ground that its reference to the School District's "administrators" is so vague as to preclude Defendant from reasonably ascertaining the information sought by the request. Without waiving and subject to said objections, Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request, as it pertains to Peachtree Ridge High School for

subpart c for 2012/2013, 2013/2014 and 2014/2015 school years and for subparts a-b, d, e, and g, for the school years 2012/2013, 2013/2014, and 2014/2015.

## REQUEST NO. 30:

The complete human resources or personnel file for the following individuals:

a.      Lee Augmon;

b.      LaShawnia Stinson;

c.      Jon Weyher;

d.      Tony Lockard;

e.      Tim Wyant;

f.      Teresa Wilson;

g.      Dr. Jeff Matthews;

h.      Cindy Antrim;

i.      Cora Graves; and

j.      Bob Burgess.

## RESPONSE TO REQUEST NO. 30:

Defendant objects to this request on the grounds that seeks information that is unlimited in its temporal scope and is not relevant to any party's claim or defense. Defendant also objects to this request to the extent that the requests seek any portion

of the requested personnel files that do not refer or relate to the Plaintiff or the allegations raised in Plaintiff's Amended Complaint. Further, Defendant objects to the production of any portions of the requested personnel files that refer or relate to matters that are of a private nature unrelated to the allegations contained in Plaintiff's Amended Complaint and the production of which would violate the right to privacy of the individuals in question. Without waiving and subject to said objections, and upon an Order by the Court permitting disclosure of confidential personnel information and limiting dissemination and use of such records, Defendant will make available for inspection and copying at a mutually agreeable time and place the following documents of which it has knowledge and are in its possession and that do not contain confidential or private information such as medical, social security numbers, bank account information, cell phone numbers and similar private information: applications for employment; resumes; certifications; training certificates/acknowledgments; performance evaluations; suspension or termination documents related to the allegations in Plaintiff's Amended Complaint, for the years 2012 through the present.

**REQUEST NO. 31:**

All documents concerning employment or performance evaluations or

reviews of the following individuals, whether periodic, formal or informal:

    a.    Lee Augmon;

    b.    LaShawnia Stinson;

    c.    Jon Weyher;

    d.    Tony Lockard;

    e.    Tim Wyant;

    f.    Teresa Wilson;

    g.    Dr. Jeff Matthews;

    h.    Cindy Antrim;

    i.    Cora Graves; and

    j.    Bob Burgess.

## RESPONSE TO REQUEST NO. 31:

Defendant objects to this request on the grounds that it is unlimited in its temporal scope and is not relevant to any party's claim or defense. Defendant also objects to this request to the extent that the requests seek any portion of the requested personnel files that do not refer or relate to the Plaintiff or the allegations raised in Plaintiff's Amended Complaint. Further, Defendant objects to the production of any portions of the requested personnel files that refer or relate to matters that are of a private nature unrelated to the allegations contained in Plaintiff's Amended Complaint

and the production of which would violate the right to privacy of the individuals in question. Defendant also objects to this request on the basis that its reference to "formal or informal" reviews is so vague as to preclude Defendant from reasonably ascertaining the information sought. Without waiving and subject to said objections, see Defendant's Response to Request No. 30.

**REQUEST NO. 32:**

All documents concerning any disciplinary action, admonishment, investigation, or other action taken by you or anyone acting on your behalf against any of the District's administrators, teachers, employees, staff members, volunteers, or contractual service providers in connection with the events described in the Complaint.

**RESPONSE TO REQUEST NO. 32:**

Defendant objects to this request on the grounds that it is not relevant to any party's claim or defense. Defendant also objects to this request on the ground that its reference to the School District's "administrators", disciplinary action", and "admonishment" is so vague as to preclude Defendant from reasonably ascertaining the information sought by the request. Without waiving these objections, Defendant is not in possession of any documents that it reasonably believes are encompassed by

this request.

## REQUEST NO. 33:

The District's and/or Peachtree Ridge High School's policies or guidelines concerning detecting, reporting, responding to, and investigating allegations or reports of student-against-student sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, or sexual misconduct, all changes to those policies / guidelines considered or adopted, and all documents that evidence when each such policy /guideline change was considered or adopted, from January 1, 2010 to the present.

## RESPONSE TO REQUEST NO. 33:

Defendant objects to this request on the grounds that it is excessive in its temporal scope, overly broad and is not relevant to any party's claim or defense. Defendant also objects to this request on the ground that its reference to "inappropriate touching" and "sexual misconduct" is so vague as to preclude Defendant from reasonably ascertaining the information sought by the request. Without waiving and subject to said objections, Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the

request, as it pertains to the 2012/2013, 2013/2014 and 2014/2015 school years and that were applicable to Peachtree Ridge High School.

## REQUEST NO. 34:

The District's and/or Peachtree Ridge High School's policies or guidelines concerning disciplinary action that may be taken against students reported to have engaged in student-against-student sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, sexual misconduct, or other misconduct, all changes to those policies / guidelines considered or adopted, and all documents that evidence when each such policy / guideline change was considered or adopted, from January 1, 2010 to the present.

## RESPONSE TO REQUEST NO. 34:

Defendant objects to this request on the grounds that it is excessive in its temporal scope, overly broad and is not relevant to any party's claim or defense. Defendant also objects to this request on the ground that it is so vague as to preclude Defendant from reasonably ascertaining the information sought. Without waiving and subject to said objections, Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are

encompassed by the request, as it pertains to the 2014/2015 school year that were applicable to Peachtree Ridge High School.

## REQUEST NO. 35:

The District's policies or guidelines concerning the administration of student disciplinary hearings, all changes to those policies / guidelines considered or adopted, and all documents that evidence when each such policy / guideline change was considered or adopted, from January 1, 2010 to the present.

## RESPONSE TO REQUEST NO. 35:

Defendant objects to this request on the grounds that it is excessive in its temporal scope and is not relevant to any party's claim or defense. Without waiving and subject to said objections, Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request, as it pertains to the 2012/2013, 2013/2014 and 2014/2015 school years.

## REQUEST NO. 36:

All of the District's administrative, faculty, employee, student, parent, and

volunteer handbooks or manuals that pertain to Peachtree Ridge High School, from January 1, 2010 to the present.

**RESPONSE TO REQUEST NO. 36:**

Defendant objects to this request on the grounds that it is excessive in its temporal scope, overly broad and is not relevant to any party's claim or defense. Without waiving and subject to said objections, Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request, as it pertains to the 2012/2013, 2013/2014 and 2014/2015 school years for Peachtree Ridge High School.


**REQUEST NO. 37:**

All versions of the District's Student Conduct Behavior Code, from January 1, 2010 to the present.

**RESPONSE TO REQUEST NO. 37:**

Defendant objects to this request on the grounds that it is excessive in its temporal scope, overly broad and is not relevant to any party's claim or defense. Without waiving and subject to said objections, Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of

which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request that were applicable to Peachtree Ridge High School for the 2012/2013, 2013/2014 and 2014/2015 school years.

## REQUEST NO. 38:

All documents and communications concerning the potential impact or effect of student disciplinary hearings involving reported student-against-student sexual misconduct with respect to the District's Title IX obligations, students' Title IX rights, and/or student Title IX complaints.

## RESPONSE TO REQUEST NO. 38:

Defendant objects to this request on the grounds that it is unlimited in its temporal scope and is not relevant to any party's claim or defense. Defendant also objects to this request on the ground that it is so vague as to preclude Defendant from reasonably ascertaining the information sought by the request.

## REQUEST NO. 39:

All documents and communications in which you, or any person or entity on your behalf, informed students and their parents or guardians of the potential impact or effect of student disciplinary hearings involving reported student-against-student

sexual misconduct with respect to the District's Title IX obligations, students' Title IX rights, and/or student Title IX complaints.

**RESPONSE TO REQUEST NO. 39:**

Defendant objects to this request on the grounds that it is unlimited in its temporal scope and is not relevant to any party's claim or defense. Defendant also objects to this request on the ground that it is so vague as to preclude Defendant from reasonably ascertaining the information sought by the request.

**REQUEST NO. 40:**

All documents concerning training or education that the District, or any person or entity on their behalf, provided from January 1, 2005 through the end of the 2014-2015 academic year to administrators, teachers, staff, employees, students, or parents concerning Title IX and/or detecting, reporting, responding to, or investigating allegations or reports of student-against-student sexual harassment, sexual assault, sexual battery, sexual violence, or inappropriate touching, sexual misconduct, including all handouts and all documents which reflect the dates, agendas, and rosters of those who attended the training or education.

**RESPONSE TO REQUEST NO. 40:**

Defendant objects to this request on the grounds that it is excessive in its

temporal scope, overly broad and is not relevant to any party's claim or defense. Defendant also objects to this request on the ground that its reference to "inappropriate touching", "sexual misconduct" and "training or education" is so vague as to preclude Defendant from reasonably ascertaining the information sought by the request.

Without waiving and subject to said objections, and based on its counsel's good faith belief as to the information sought, Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request, as it pertains to the 2012/2013, 2013/2014 and 2014/2015 school years for Peachtree Ridge High School.

## REQUEST NO. 41:

All documents concerning any training or education completed from January 1, 2005 through the end of the 2014-2015 academic year concerning Title IX and/or detecting, reporting, responding to, or investigating allegations or reports of student-against-student sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, or sexual misconduct, by the following individuals:

a.    The District's Title IX Coordinator(s);

b.    Peachtree Ridge High School's Title IX Coordinator(s);

c.     Peachtree Ridge High School's administrators; and

d.     The District's Hearing Officers.

## RESPONSE TO REQUEST NO. 41:

Defendant objects to this request on the grounds that it is excessive in its temporal scope, overly broad and is not relevant to any party's claim or defense. Defendant also objects to this request on the ground that its reference to Peachtree Ridge High School's "administrators" and "training and education" is so vague as to preclude Defendant from reasonably ascertaining the information sought by the request.

Without waiving and subject to said objections, and based on its counsel's good faith belief as to the information sought, Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request, for 2012/2013, 2013/2014 and 2014/2015 school years for Jeff Matthews, LaShawnia Stinson, Jon Weyher, Lee Augmon, Tim Wyant, Tom Myers, Steve Flint, Cindy Antrim, Cora Graves, Teresa Wilson, Joyce Spraggs and Dr. Monica Batiste.

**REQUEST NO. 42:**

All documents concerning any training or education completed by the District's Hearing Officers from January 1, 2005 through the end of the 2014-2015 academic year concerning the administration of disciplinary hearings, including but not limited to those involving reported student sexual misconduct.

**RESPONSE TO REQUEST NO. 42:**

Defendant objects to this request on the grounds that it is excessive in its temporal scope and is not relevant to any party's claim or defense. Defendant also objects to this request on the ground that its reference to "student sexual misconduct" and "training and education" is so vague as to preclude Defendant from reasonably ascertaining the information sought by the request. Without waiving and subject to said objections, and based on its counsel's good faith belief as to the information sought, Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request, as it pertains to the 2012/2013, 2013/2014 and 2014/2015 school years for Cindy Antrim and Cora Graves. See also Defendant's Response to Request No. 30.

**REQUEST NO. 43:**

All documents concerning any training or education completed by the following individuals concerning Title IX and/or detecting, reporting, responding to, investigating, or adjudicating allegations or reports of student-against-student sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, sexual misconduct, from January 1, 2005 to the present:

    a.     Lee Augmon;

    b.     LaShawnia Stinson;

    c.     Jon Weyher;

    d.     Tony Lockard;

    e.     Tim Wyant;

    f.     Teresa Wilson;

    g.     Dr. Jeff Matthews;

    h.     Cindy Antrim;

    i.     Cora Graves; and

    j.     Bob Burgess.

**RESPONSE TO REQUEST NO. 43:**

Defendant objects to this request on the grounds that it is excessive in its temporal scope, overly broad and is not relevant to any party's claim or defense.

41

Defendant also objects to this request on the ground that its reference to "inappropriate touching", "sexual misconduct", "training or education" is so vague as to preclude Defendant from reasonably ascertaining the information sought by the request. Without waiving and subject to said objections, and based on its counsel's good faith belief as to the information sought, Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request, as it pertains to the 2012/2013, 2013/2014 and 2014/2015 school years.  See also Defendant's Response to Request No. 30.

**REQUEST NO. 44:**

All documents concerning data or statistics of student-against-student sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, or sexual misconduct in the District, from January 1, 2005 through the end of the 2014-2015 academic year.

**RESPONSE TO REQUEST NO. 44:**

Defendant objects to this request on the grounds that it is excessive in its temporal scope, overly broad and is not relevant to any party's claim or defense. Defendant also objects to this request on the grounds that identifying the requested

information would be so unduly burdensome that the burden and expense of identifying the requested information outweighs its likely benefit in this litigation. Defendant further objects to this request on the basis that its reference to "date" or "statistics" is so vague as to preclude Defendant from reasonably ascertaining the information sought by the request. In addition, Defendant objects to this request to the extent that it seeks confidential student information that is protected from disclosure by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g.

## REQUEST NO. 45:

All complaints, reports, statements, interview notes, observations, investigative materials, conclusions and recommendations regarding any and all high school student-against-student sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, or sexual misconduct in the District, from January 1, 2005 through the end of the 2014¬2015 academic year.

## RESPONSE TO REQUEST NO. 45:

Defendant objects to this request on the grounds that it is excessive in its temporal scope, overly broad and is not relevant to any party's claim or defense. Defendant also objects to this request on the grounds that identifying the requested information would be so unduly burdensome that the burden and expense of

identifying the requested information outweighs its likely benefit in this litigation.
Defendant further objects to this request on the ground that its reference to
"inappropriate touching", "observations", and "sexual misconduct" is so vague as to
preclude Defendant from reasonably ascertaining the information sought by the
request. In addition, Defendant objects to this request to the extent that it seeks
confidential student information that is protected from disclosure by the Family
Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g.   Without waiving
and subject to said objections, and upon an Order by the Court permitting disclosure
of confidential student information and limiting dissemination and use of such records,
Defendant will make available for inspection and copying at a mutually agreeable
time and place correspondence from the School District regarding notice of the
charge and outcome of the hearing regarding incidents that were the subject of a
disciplinary hearing under Rule 9 involving alleged student-on-student sexual
assault, sexual battery, rape or sexual violence during the 2012/2013, 2013/2014 and
2014/2015 school years for Peachtree Ridge High School.


**REQUEST NO. 46:**

All reports, statements, interview notes, observations, investigative materials,
conclusions and recommendations regarding any and all middle school student-

against-student sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, or sexual misconduct in the District, from January 1, 2005 through the end of the 2014-2015 academic year.

**RESPONSE TO REQUEST NO. 46:**

Defendant objects to this request on the grounds that it is excessive in its temporal scope, overly broad and is not relevant to any party's claim or defense. Defendant also objects to this request on the grounds that identifying the requested information would be so unduly burdensome that the burden and expense of identifying the requested information outweighs its likely benefit in this litigation. Defendant further objects to this request on the ground that its reference to "inappropriate touching" and "sexual misconduct" is so vague as to preclude Defendant from reasonably ascertaining the information sought by the request. In addition, Defendant objects to this request to the extent that it seeks confidential student information that is protected from disclosure by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g.


**REQUEST NO. 47:**

All documents concerning disciplinary action, admonishment, investigation, or other action taken by you or anyone acting on your behalf against any of the

District's administrators, teachers, employees, staff members, volunteers, contractual service providers, or agents with respect to the handling of or response to allegations, complaints, or reports of student-against-student sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, or sexual misconduct that took place, or was reported to have taken place, from January 1, 2005 through the end of the 2014-2015 academic year.

**RESPONSE TO REQUEST NO. 47:**

Defendant objects to this request to the extent it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant also objects to this request on the grounds that it is excessive in its temporal scope, overly broad and is not relevant to any party's claim or defense. Defendant further objects to this request on the grounds that identifying the requested information would be so unduly burdensome that the burden and expense of identifying the requested information outweighs its likely benefit in this litigation. In addition, Defendant objects to this request on the ground that its references to "disciplinary action", "admonishment", "inappropriate touching" and "sexual misconduct" are so vague as to preclude Defendant from reasonably ascertaining the information sought by the request. Moreover, Defendant objects to this request to the extent that it seeks confidential student information that is protected from disclosure by the Family

Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g.   Without waiving

and subject to said objections, Defendant is not in possession of any documents that

it reasonably believes are encompassed by this request, as it pertains to reported

incidents involving alleged student-on-student sexual assault, sexual battery, rape or

sexual violence during the 2012/2013, 2013/2014 and 2014/2015 school years for

Peachtree Ridge High School.   Further responding, Defendant shows that, for

2012/2013, 2013/2014 and 2014/2015, there are no responsive documents for a

principal, assistant principal or Title IX coordinator for termination or suspension

for the 2012/2013, 2013/2014 nor 2014/2015 school years.


**REQUEST NO. 48:**

All documents, communications, or other records concerning any complaints

– whether formal or informal or made by a student, student's parent or guardian,

community member, employee of the District, or any other person – regarding your

or your employee's, agent's, or representative's handling of or response to

allegations, complaints, or reports of student-against-student sexual harassment,

sexual assault, sexual battery, sexual violence, inappropriate touching, or sexual

misconduct that took place, or was reported to have taken place, from January 1,

2005 through the end of the 2014-2015 academic year.

**RESPONSE TO REQUEST NO. 48:**

Defendant objects to this request to the extent it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant also objects to this request on the grounds that it is excessive in its temporal scope, overly broad and is not relevant to any party's claim or defense. Defendant further objects to this request on the grounds that identifying the requested information would be so unduly burdensome that the burden and expense of identifying the requested information outweighs its likely benefit in this litigation. In addition, Defendant objects to this request on the ground that its reference to "inappropriate touching" and "sexual misconduct" is so vague as to preclude Defendant from reasonably ascertaining the information sought by the request. Moreover, Defendant objects to this request to the extent that it seeks confidential student information that is protected from disclosure by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g.

Without waiving and subject to said objections, Defendant is not in possession of any documents that it reasonably believes are encompassed by this request, as it pertains to reported incidents involving alleged student-on-student sexual assault, sexual battery, rape or sexual violence during the 2012/2013, 2013/2014 and 2014/2015 school years, other than Plaintiff's complaint. As to Plaintiff's

complaint, without waiving and subject to said objections, and upon an Order by the Court permitting disclosure of confidential student information and limiting dissemination and use of such records, Defendant will make available for inspection and copying at a mutually agreeable time and place those non-privileged documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

## REQUEST NO. 49:

All documents, communications, or other records concerning any complaints – whether formal or informal or made by students, students' parents or guardians, community members, employees of the District, or any other person – regarding your or your employee's, agent's, or representative's violation of Title IX or sex discrimination against any student, including but not limited to any complaint or report filed with the U.S. Department of Education Office for Civil Rights, from January 1, 2005 through the present.

## RESPONSE TO REQUEST NO. 49:

Defendant objects to this request to the extent it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant also objects to this request on the grounds that it is excessive in its temporal

scope, overly broad and is not relevant to any party's claim or defense.    Defendant

further objects to this request to this request to the extent that it seeks confidential

student information that is protected from disclosure by the Family Educational Rights

and Privacy Act (FERPA), 20 U.S.C. §1232g.

Without waiving and subject to said objections, Defendant is not in possession

of any documents that it reasonably believes are encompassed by this request, as it

pertains to reported incidents involving alleged student-on-student sexual assault,

sexual battery, rape or sexual violence during the 2012/2013, 2013/2014 and

2014/2015 school years, other than Plaintiff's complaint.    As to Plaintiff's

complaint, Defendant will make available for inspection and copying at a mutually

agreeable time and place those non-privileged documents of which it has knowledge

and are in its possession that Defendant reasonably believes are encompassed by the

request.

## REQUEST NO. 50:

All documents, including but not limited to correspondence and

communications, concerning any municipal, State, or Federal entity's investigation

of the District in connection with Title IX or student-against-student sexual

harassment, sexual assault, sexual battery, sexual violence, inappropriate touching,

or sexual misconduct, including but not limited to MP's sexual harassment against Jane Doe or any other student, from January 1, 2005 to the present.

## RESPONSE TO REQUEST NO. 50:

Defendant objects to this request to the extent it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant also objects to this request on the grounds that it is excessive in its temporal scope, overly broad and is not relevant to any party's claim or defense.   Defendant further objects to this request on the ground that its reference to "inappropriate touching" and "sexual misconduct" is so vague as to preclude Defendant from reasonably ascertaining the information sought by the request. In addition, Defendant objects to this request to the extent that it seeks confidential student information that is protected from disclosure by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g.   Moreover, Defendant objects to this request on the ground that it is argumentative in that it assumes facts not in the record and/or disputed by the parties.

Without waiving and subject to said objections, Defendant is not in possession of any documents that it reasonably believes are encompassed by this request, as it pertains to reported incidents involving alleged student-on-student sexual assault, sexual battery, rape or sexual violence during the 2012/2013, 2013/2014 and

2014/2015 school years, other than Plaintiff's complaint.   As to Plaintiff's

complaint, without waiving and subject to said objections, and upon an Order by the

Court permitting disclosure of confidential student information and limiting

dissemination and use of such records, Defendant will make available for inspection

and copying at a mutually agreeable time and place those non-privileged documents

of which it has knowledge and are in its possession that Defendant reasonably

believes are encompassed by the request.


**REQUEST NO. 51:**

All documents, including but not limited to correspondence and

communications, concerning law enforcement's or any other State, municipal, or

Federal entity's investigation of any incident(s) of student-against-student sexual

harassment, sexual assault, sexual battery, sexual violence, inappropriate touching,

or sexual misconduct in the District, including but not limited to MP's sexual

harassment against Jane Doe or any other student, that took place or was reported to

have taken place from January 1, 2005 through the end of the 2014-2015 academic

year.

**RESPONSE TO REQUEST NO. 51:**

Defendant objects to this request to the extent it seeks to elicit information that

is protected by the attorney-client privilege and/or the work product doctrine. Defendant also objects to this request on the grounds that it is excessive in its temporal scope, overly broad and is not relevant to any party's claim or defense.   Defendant further objects to this request on the ground that its reference to "inappropriate touching" and "sexual misconduct" is so vague as to preclude Defendant from reasonably ascertaining the information sought by the request.  In addition, Defendant objects to this request to the extent that it seeks confidential student information that is protected from disclosure by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g.

Without waiving and subject to said objections, and upon an Order by the Court permitting disclosure of confidential student information and limiting dissemination and use of such records, Defendant will make available for inspection and copying at a mutually agreeable time and place those non-privileged documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request, as it pertains to the 2012/2013, 2013/2014 and 2014/2015 school years.

## REQUEST NO. 52:

All non-privileged documents concerning any state or federal lawsuit filed

53

against the District in connection with Title IX or student-against-student sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, or sexual misconduct, from January 1, 2005 to the present, other than those concerning this lawsuit.

**RESPONSE TO REQUEST NO. 52:**

Defendant objects to this request on the grounds that it is excessive in its temporal scope, overly broad and is not relevant to any party's claim or defense. Defendant also objects to this request because it seek confidential student information that is protected by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g. Without waiving and subject to said objections, Defendant is not in possession of any documents that Defendant reasonably believes are encompassed by the request, as it pertains to the 2012/2013, 2013/2014 and 2014/2015 school years.

**REQUEST NO. 53:**

All correspondence, communications, or memoranda – including but not limited to email and text messages – received by (including as a "cc") or sent by (i) Lee Augmon, (ii) LaShawnia Stinson, (iii) Jon Weyher, (iv) Tony Lockard, (v) Tim Wyant, (vi) Teresa Wilson, (vii) Dr. Jeff Matthews, (viii) Cindy Antrim, (ix) Cora

Graves, (x) Bob Burgess, and/or (xi) any of the District's Title IX Coordinators, from January 1, 2005 to the present, where the subject line or body refers or relates to any of the following:

a.   Any report of, complaint of, investigation of, or response to student-against-student sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, or sexual misconduct that occurred, or was reported to have occurred, from January 1, 2005 through the end of the 2014-2015 academic year;

b.   Sex discrimination against students;

c.   Title IX;

d.   Rule 9 of the Student Conduct Behavior Code of Gwinnett County School District or Gwinnett County Public Schools;

e.   Retaliation against students who report sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, or sexual misconduct; or

f.   The District's policies and practices regarding student-against-student sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, or sexual misconduct.

**RESPONSE TO REQUEST NO. 53:**

Defendant objects to this request to the extent it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant also objects to this request on the grounds that it is excessive in its temporal scope, overly broad and is not relevant to any party's claim or defense.   Defendant further objects to this request on the grounds that identifying the requested information

would be so unduly burdensome that the burden and expense of identifying the requested information outweighs its likely benefit in this litigation.   In addition, Defendant objects to this request on the ground that its reference to "inappropriate touching" and "sexual misconduct" is so vague as to preclude Defendant from reasonably ascertaining the information sought by the request.   Moreover, Defendant objects to this request to the extent that it seeks confidential student information that is protected from disclosure by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g.

Without waiving and subject to said objections, and upon an Order by the Court permitting disclosure of confidential student information and limiting dissemination and use of such records, Defendant will make available for inspection and copying at a mutually agreeable time and place any non-privileged documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request, as it pertains to the 2012/2013, 2013/2014 and 2014/2015 school years and the following topics: (1) any report or complaint of alleged student-on-student sexual assault, sexual battery, rape or sexual violence; (2) Rules 9(g) (oral sex or any act of sodomy), 9(h) (aggravated sexual battery), Rule 9(l) (aggravated sodomy), Rule 9(m) (rape), Rule 9(n) (sexual battery) and Rule 9(o) (allowing another student/person to commit a lewd or indecent act to the body of

oneself and that was the subject of a disciplinary hearing); (3) retaliation for reports of alleged student-on-student sexual harassment, sexual assault, sexual battery and/or sexual violence; and (6) the School District's policies and practices regarding student-against-student sexual harassment, sexual assault, sexual battery and/or sexual violence.

**REQUEST NO. 54:**

All School Board documents and communications, including but not limited to notes, meeting minutes, email, and memoranda, concerning any of the following:

a.   Plaintiff Jane Doe or her parents or other family members;

b.   Student MP or his parents or other family members;

c.   Any other victim or reported victim of MP's sexual misconduct;

d.   Rule 9 of the Student Conduct Behavior Code of Gwinnett County School District and/or Gwinnett County Public Schools, from January 1, 2005 through the present;

e.   Actual, alleged, or suspected student-against-student sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, or sexual misconduct that took place, or was reported to have taken place, from January 1, 2005 through the end of the 2014-2015 academic year;

f.   Policies regarding student-against-student sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, or sexual misconduct, from January 1, 2005 through the present;

g.   Disciplining any student in connection with student-against-student

sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, or sexual misconduct that took place, or was reported to have taken place, from January 1, 2005 through the end of the 2014-2015 academic year;

h.    Disciplining any administrator, staff, teacher, volunteer, coach or contractual service provider, agent, or representative in connection with sex discrimination, Title IX, or student-against-student sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, or sexual misconduct that took place, or was reported to have taken place, from January 1, 2005 through the end of the 2014-2015 academic year;

i.    Training for administrators, staff, teachers, volunteers, coaches, contractual service providers, students or parents on student-against-student sexual harassment, sexual assault, sexual battery, sexual violence, inappropriate touching, sexual misconduct that took place from January 1, 2005 through the end of the 2014-2015 academic year; or

j.    Training for administrators, staff, teachers, volunteers, coaches, contractual service providers, students or parents on Title IX and sex discrimination against students that took place from January 1, 2005 through the end of the 2014-2015 academic year.

## RESPONSE TO REQUEST NO. 54:

Defendant objects to this request to the extent it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant also objects to this request on the grounds that it is excessive in its temporal scope, overly broad and is not relevant to any party's claim or defense.   Defendant further objects to this request on the grounds that identifying the requested information would be so unduly burdensome that the burden and expense of identifying the

requested information outweighs its likely benefit in this litigation.   In addition, Defendant objects to this request on the ground that its references to "inappropriate touching", "sexual misconduct" and "School Board documents" are so vague as to preclude Defendant from reasonably ascertaining the information sought by the request.   Moreover, Defendant objects to this request to the extent that it seeks confidential student information that is protected from disclosure by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. §1232g.   Defendant also objects to this request as argumentative as it assumes facts not in evidence or disputed by the parties.

Without waiving and subject to said objections, and upon an Order by the Court permitting disclosure of confidential student information and limiting dissemination and use of such records, Defendant will make available for inspection and copying at a mutually agreeable time and place any non-privileged documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request, as it pertains to the 2012/2013, 2013/2014 and 2014/2015 school years and the following topics: (1) Plaintiff or her parents; (2) MP or his parents;  (3) any report or complaint of alleged student-on-student sexual assault, sexual battery, rape or sexual violence; (4) Rules 9(g) (oral sex or any act of sodomy), 9(h) (aggravated sexual battery), Rule 9(l) (aggravated sodomy), Rule

9(m) (rape), Rule 9(n) (sexual battery) and Rule 9(o) (allowing another student/person to commit a lewd or indecent act to the body of oneself in the student-on-student context and that was the subject of a disciplinary hearing); and (5) the School District's policies and practices regarding student-against-student sexual harassment, sexual assault, sexual battery and/or sexual violence.

## REQUEST NO. 55:

All documents concerning any insurance policy, whether primary, excess, umbrella or other, by or through which you are, or may be insured, or as to which a controversy exists as to whether you are or were insured, in any manner or to any extent with respect to any of the claims, causes of action, or damages alleged in the Complaint.

## RESPONSE TO REQUEST NO. 55:

Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

## REQUEST NO. 56:

All documents concerning any reservation of rights by any insurance

company concerning Plaintiff's claims.

**RESPONSE TO REQUEST NO. 56:**

Defendant objects to this request on the ground that it is not relevant to any party's claims or defenses.

**REQUEST NO. 57:**

Documents sufficient to show the District's document retention policy from January 1, 2005 to the present, and any suspension of that policy as it relates to Plaintiff and/or the incidents set forth in the Complaint.

**RESPONSE TO REQUEST NO. 57:**

Defendant objects to this request on the grounds that it is excessive in its temporal scope and is not relevant to any party's claim or defense. Without waiving and subject to said objections, Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request for the 2014/2015 school year.

**REQUEST NO. 58:**

All documents provided to or considered by any expert retained by you or on

your behalf who is expected to testify at trial, not otherwise excluded from production by Fed. R. Civ. P. 26.

**RESPONSE TO REQUEST NO. 58:**

Defendant is not in possession of any documents that it reasonably believes are encompassed by the request.

**REQUEST NO. 59:**

All documents you intend to introduce or use at the trial of this matter.

**RESPONSE TO REQUEST NO. 59:**

Defendant objects to this request on the ground that it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine. Defendant also objects to this request on the ground that it calls for speculation as to what documents Defendant may intend in the future to introduce or use at trial. Further responding, Defendant shows that it will identify all documents that it will or may introduce at any trial of this matter in any pretrial order that the Court directs the parties to file.

**REQUEST NO. 60:**

All documents identified or relied upon concerning any defenses you have raised or intend to raise against Plaintiff's claims.

## RESPONSE TO REQUEST NO. 60:

Defendant objects to this request on the ground that it calls for speculation as to what defenses may intend to raise in the future as to Plaintiff's claims. Further responding, Defendant has identified in its Initial Disclosure those documents that it believes support its defenses in this case. Without waiving these objections, Defendant will make available for inspection and copying at a mutually agreeable time and place those documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request, to the extent that responsive documents are not already being produced in response to other document requests.

## REQUEST NO. 61:

All documents relied upon or referenced in answering Plaintiff's First Interrogatories.

## RESPONSE TO REQUEST NO. 61:

Defendant objects to this request to the extent it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine. Without

waiving these objections, Defendant will make available for inspection and copying at a mutually agreeable time and place those non-privileged documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

**REQUEST NO. 62:**

All documents relied upon or referenced in answering Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 62:**

Defendant objects to this request to the extent it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine. Without waiving these objections, Defendant will make available for inspection and copying at a mutually agreeable time and place those non-privileged documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

**REQUEST NO. 63:**

All documents that support your denial in your Answer to paragraph 46 of Plaintiff's Complaint, in which Plaintiff stated:

When Ms. Doe attempted to return to PRHS, students called her "whore," "slut," "liar," and "psycho." One male student indicated his

desire to forcibly sodomize or sexually batter Ms. Doe by stating to her,
"I wish I was [MP]." Another student told Ms. Doe she had to be a liar
because the school allowed MP to return to school.

**RESPONSE TO REQUEST NO. 63:**

Defendant objects to this request to the extent it seeks to elicit information that

is protected by the attorney-client privilege and/or the work product doctrine.  Without

waiving these objections, Defendant will make available for inspection and copying at

a mutually agreeable time and place those non-privileged documents of which it has

knowledge and are in its possession that Defendant reasonably believes are

encompassed by the request.

**REQUEST NO. 64:**

All documents that support your denial in your Answer to paragraph 50 of

Plaintiff's Complaint, in which Plaintiff stated:

The only practical and affordable option the Doe family was aware of
was enrolling Ms. Doe in GCPS's Gwinnett Online Campus.

**RESPONSE TO REQUEST NO. 64:**

Defendant objects to this request to the extent it seeks to elicit information that

is protected by the attorney-client privilege and/or the work product doctrine.  Without

waiving these objections, Defendant will make available for inspection and copying at

a mutually agreeable time and place those non-privileged documents of which it has

knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

**REQUEST NO. 65:**

All documents that support your denial in your Answer to paragraph 51 of Plaintiff's Complaint, in which Plaintiff stated:

> As an Online Campus student in Defendant's school district, Ms. Doe was deprived of an in-school educational setting and two of the four courses she had been taking at PRHS, socially isolated, and denied the benefits of invaluable in-person interaction and activities with instructors and peers.

**RESPONSE TO REQUEST NO. 65:**

Defendant objects to this request to the extent it seeks to elicit information that is protected by the attorney-client privilege and/or the work product doctrine. Without waiving these objections, Defendant will make available for inspection and copying at a mutually agreeable time and place those non-privileged documents of which it has knowledge and are in its possession that Defendant reasonably believes are encompassed by the request.

**FREEMAN MATHIS & GARY, LLP**

Mary Anne Ackourey
Georgia Bar No. 001555
mackourey@fmglaw.com
William H. Buechner, Jr.
Georgia Bar No. 086392
bbuechner@fmglaw.com

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T:  (770) 818-0000
F:  (770) 937-9960

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JANE DOE,              )
                                )
       Plaintiff,       )
                                )
v.                         )     **CIVIL ACTION FILE NO.**
                                )     **1:18-cv-05278-SCJ**
GWINNETT COUNTY PUBLIC  )
SCHOOLS,             )
                                )
       Defendant.     )

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS** upon all parties to this matter by depositing a true copy of same in the United States Mail, proper postage prepaid, addressed to counsel of record as follows:

> Michael E. Kramer
> Anita K. Bala
> BUCKLEY BEAL LLP
> 600 Peachtree Street NE, Suite 3900
> Atlanta, GA 30308
>
> Douglas E. Fierberg
> Monica H. Beck
> Laura L. Dunn
> THE FIERBERG NATIONAL LAW GROUP, PLLC
> 161 East Front Street, Suite 200
> Traverse City, MI 49684

Adele P. Kimmel
PUBLIC JUSTICE, P.C.
1620 L Street, NW, Suite 630
Washington, DC 20036

This 20th day of December, 2019.

Mary Anne Ackourey
Georgia Bar No. 001555
mackourey@fmglaw.com

FREEMAN MATHIS & GARY
100 Galleria Parkway
 Suite 1600
Atlanta, Georgia 30339-5948
T: (770) 818-0000
F: (770) 937-9960