IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE DOE,<br><br>  Plaintiff,<br><br>v.<br><br>GWINNETT COUNTY SCHOOL DISTRICT,<br><br>  Defendant. | CIVIL ACTION FILE<br>No. 1:18-cv-05278-SCJ |

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order ("TRO") with Immediate Hearing Requested (Doc. No. [83]). The Court held a hearing on Plaintiff's TRO Motion via video conference on August 24, 2020.

### I.     BACKGROUND

This Title IX case involves an alleged sexual assault which occurred on February 4, 2015 at Peachtree Ridge High ("PRHS") in Suwanee, Georgia. Doc. No. [1], ¶ 2. Shortly after school had finished for the day, Plaintiff Jane Doe, a sophomore at the time, alleges she was sexually battered and forcibly orally

1

sodomized by male student, referred to in this litigation as "MP." Id. On November 16, 2018, Plaintiff filed her Complaint, alleging that Defendant discriminated against her by responding with deliberate indifference to her complaint of sexual assault and harassment, and by retaliating against her for reporting MP's sexual assault, in violation of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681, *et seq*. She also alleges that the District failed to adequately train its administrators and employees on Title IX and student-on-student sexual harassment, which resulted in violation of her constitutional and federal rights, pursuant to 42 U.S.C. § 1983.

This TRO specifically involves sexually explicit photographs of Plaintiff, at the time a minor, which were recently produced in response to Plaintiff's discovery requests in this lawsuit. Plaintiff's Motion states: "This means that [Defendant] and its agents, representatives, and attorneys knowingly controlled, possessed, transmitted, distributed, and reproduced those images, which—at a minimum—have been saved and reviewed, and are accessible on" Defense Counsel's servers. Doc. No. [83-1], p. 2. Plaintiff seeks emergency relief to immediately prevent Defendant and its agents from, among other things, distributing, reproducing, and using the images. Id. at 14–15.

Upon discovering that explicit photographs of Plaintiff had been produced in e-discovery, Plaintiff's Counsel took immediate steps to "ascertain whether the images depicted Ms. Doe as a minor and constituted child pornography, and to determine all requisite actions that should be taken with respect to the materials." Doc. No. [83-1], p. 6. Pursuant to O.C.G.A. § 16-12-100, Plaintiff's counsel reported the possession, reproduction, and distribution of the photographs to the Georgia Bureau of Investigation ("GBI"), and followed the GBI's instructions with respect to destruction of the materials.[1] Id.; see also O.C.G.A. § 16-12-100(c) ("A person who, in the course of processing or producing visual or printed matter either privately or commercially, has reasonable cause to believe that the visual or printed matter submitted for processing or producing depicts a minor engaged in sexually explicit conduct shall immediately report such incident, or cause a report to be made, to the Georgia Bureau of Investigation or the law enforcement agency for the county in which such matter is submitted.").

---

[1] Plaintiff's Counsel stated at the TRO hearing that she had already deleted the photographs from her law firm's files when she contacted the GBI and was then told by a GBI agent that this was the proper course of conduct.

Defendant argues Plaintiff's Motion is "a highly improper and unfounded attempt to force the destruction of evidence which is likely to prove relevant in this case. It is a disingenuous effort to misapply the law which has been carried out in an untoward manner." Doc. No. [88-1], p. 1. It argues Plaintiff's Motion has "no legal merit" because "[t]he statutes are aimed at pedophiles, not police officials, as evidenced by the specific exception for law enforcement officials in the state statute and the legislative history of the federal statute." Id. at 2. It further maintains that, because the photographs were "produced by counsel for [Defendant] to Plaintiff alone in response to Plaintiff's specific request for the complete file of the School District Police Department," Plaintiff's Motion is baseless. Id. For the following reasons, the Court disagrees.

## II.    LEGAL STANDARD

The Court considers four factors when deciding whether to issue a TRO pursuant to Federal Rule of Civil Procedure 65: (1) whether there is a substantial likelihood of success on the merits; (2) whether the TRO is necessary to prevent irreparable injury; (3) whether the threatened injury outweighs the harm that the TRO would cause to the non-movant; and (4) whether the TRO would be adverse to the public interest. Parker v. State Bd. Of Pardons and

Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001). Injunctive relief is an extraordinary and drastic remedy and should not be granted unless the movant clearly establishes the burden of persuasion as to each of these four factors. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

### III.    ANALYSIS

First, the Court notes that Defendant is not a law enforcement agency, and this is a civil case. The Court sees no exception to the state or federal child pornography statutes which permits counsel in a civil action to have possession of child pornographic materials. See 18 U.S.C.A. § 2252A; O.C.G.A § 16-12-100 (providing three exceptions: "(1) The activities of law enforcement and prosecution agencies in the investigation and prosecution of criminal offenses; (2) Legitimate medical, scientific, or educational activities; or (3) Any person who creates or possesses a visual medium depicting only himself or herself engaged in sexually explicit conduct"). Thus, while the law enforcement officers involved would fall into a law enforcement exception, the Court is extremely concerned about the possession of the photographs in question by civil counsel.[2] Therefore, the Court directs Defendant's Counsel to contact the

---

[2]    That the images were uploaded to an e-discovery platform of unknown

GBI to determine what to do with the photographs in their possession—whether that be to destroy them, return them to Gwinnett County law enforcement officials, or to turn them over to the GBI.

Second, Plaintiff's Motion for TRO is **GRANTED**. The Court finds that Plaintiff is likely to succeed on the merits of the narrow issue of the use, distribution, and reproduction of the images in question. See O.C.G.A § 16-12-100; 18 U.S.C.A. § 2252A; Fed. R. Evid. 412 ("The following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct: (1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition."); Fed. R. Evid. 403(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."). This is a preliminary finding—the Court will address the ultimate relevance and admissibility of evidence in later motions, as necessary.

Further, the Court finds that Plaintiff has established irreparable injury, and that the TRO is necessary to prevent that injury. The injury associated with

security is particularly concerning to this Court.

6

any unlawful possession or distribution of compromising photographs of Plaintiff, at the time a minor, is unquestionably irreparable. See New York v. Ferber, 458 U.S. 747, 749 (1982) (recognizing the extreme harm caused by child pornography," which is "exacerbated by [its] circulation"). This TRO is necessary to prevent that injury.

Finally, the Court finds that the threatened injury to Plaintiff outweighs the harm that the TRO would cause to Defendant. Defendant will be required to comply with the instructions of the GBI regarding disposal of the photographs. This does not outweigh the threatened injury to Plaintiff, as described above. Additionally, the public has an important interest in ensuring materials such as the ones in question are handled properly, and only by those authorized to do so.

## IV.    CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Temporary Restraining Order (Doc. No. [83]) is **GRANTED**. The Court directs Defendant's Counsel to contact the GBI to determine what to do with the photographs in their possession. In addition, Defendant is **ENJOINED** from storing, transmitting, or reproducing the photographs in question, except to provide them to law enforcement officials. Finally, Defendant is **ORDERED** to provide Plaintiff

7

with a list, certified by counsel, identifying all persons who have had access to the images and materials, or who it has reason to believe have had access to the images and materials.[3]

    **IT IS SO ORDERED** this  24th  day of August, 2020.

                                s/Steve C. Jones  
                                **HONORABLE STEVE C. JONES**  
                                **UNITED STATES DISTRICT JUDGE**

---

[3]     This list need not be filed to the docket. Plaintiff's Counsel will notify the Court if it has not received the list within **seven days** of the entry of this Order.